# Hood, administrator of Bradford *vs* Link.

Case.

Case 16.

September 21.

The case stated.

ERROR TO THE BOURBON CIRCUIT.

*Descriptio persone.    Judgment.    Amendment.*

JUDGE MARSHALL delivered the Opinion of the Court.

THIS action, on the case, was brought by Link against Hood, administrator with the will annexed of Bradford, to recover damages for an alleged fraud in the sale of a slave.   Upon a verdict finding damages for the plaintiff, a judgment was rendered against the defendant to be levied *de bonis testatoris;* but at the next succeeding term of the Court the judgment was, on motion of the plaintiff, amended by the declaration so as to be personal against the defendant, who seeks, by writ of error, the reversal of the last judgment.

In considering the case as thus presented, two questions arise: 1st, Is the action brought against the defendant in his personal and not in his representative character, so that a judgment in the latter character was inappropriate? and, 2d, If the defendant is sued in his individual capacity only, was the judgment *de bonis testatoris*, amendable at a subsequent term as a clerical misprision?

1. Although both the writ and declaration style the defendant "William S. Hood, administrator with the will annexed of Benjamin Bradford, dec'd.;" and the words "administrator, &c." or "adm'r. as aforesaid," are added wherever he is mentioned in the declaration, this circumstance, as has been frequently decided in actions *ex contractu* against executors and administrators, founded on their own acts, is by no means decisive of an intention to charge the defendant in his representative character, and such additional words will be taken as mere description of the person when a personal liability is shown in the declaration, unless the intention to charge him in his representative character be otherwise unequivocally demonstrated.

Although the writ and declaration style the defendant adm'r. and the words 'adm'r. as af'd.' are used also, they are to be taken as description of the person, and do not dicisively show an intention to charge the defendant in his fiduciary character.

In this case the fraud alleged is strictly and emphatically a personal act, for which the wrong doer is unques-

When defendant is charged with a personal act

HOAD, ADMR. &c.
    vs
  LINK.

(as a fraud,) the
mere fact of styl-
ing him adm'r.
does not nega-
tive his personal
liability.   (Can
an estate be made
liable   for  the
fraud   of   the
adm'r. in dispos-
ing of the as-
sets.)— Qu.
tionably liable in his individual character, and the mere fact of styling him administrator in describing the act done by him, not only does not negative his personal liability, but is wholly insufficient to show any other liability. Surely the estate of which he is the administrator cannot be made liable, merely because he, being administrator, sold a slave and committed a fraud in the sale, and yet this is all that the declaration in this case alleges. It is not averred that the slave belonged to the estate, or that it was sold for the benefit of the estate, or that the proceeds were appropriated in that way—nor is it even stated that the defendant sold the slave *as administrator*, but merely, that the defendant, administrator as aforesaid, sold, &c. Conceding then, without deciding that a judgment *de bonis testatoris*, might be obtained in an action on the case, for a fraud committed by the defendant as administrator, in disposing of the assets for the benefit of the estate; we are decidedly of opinion that in the present case, the judgment *de bonis propriis*, is appropriate, and the judgment *de bonis testatoris*, inapropriate and unauthorized, because the declaration shows clearly a personal liability on the part of the defendant for his personal *tort*, and it does not show any ground of liability on the part of the estate for that personal *tort*. If any averments would authorize a judgment *de bonis testatoris*, in such an action, the averments in this declaration do not authorize it, but require a judgment *de bonis propriis*.

To enter judg-
ment de bonis
testatoris against
one sued as ad-
ministrator for
fraud in the sale
of a slave, when
it should have
been de bonis
propriis, is a cle-
rical misprision
and amendable
at a subsequent
term, after judg-
ment.
2. And as it has been often held that a personal judgment, rendered in a case where, upon the declaration, it should be against the assets only, is amendable as a clerical misprision, so we think the error in this case, of entering the judgment at first against the assets in the defendant's hands as administrator, when upon the declaration it should have been against his own estate, was a clerical misprision, and as such, amendable by the declaration, and properly amended at a subsequent term.

Wherefore, the judgment is affirmed.

*Robinson & Johnson* for plaintiff; *Owsley* for defendant.